As I was of the Court at each time the case of Wagstaff v. Smith was before it, 16 N.C. 264, and 39 N.C. 2 perhaps it is proper I should say that I believe the opinion held by the other judges in the present case is law. At this distance of time I cannot remember my impressions then with sufficient distinctness to authorize me to state them positively. I believe I concurred in the opinion delivered by Chief Justice Henderson, and I cannot recollect that I dissented from that of Judge Gaston. But, however that may have been, I am satisfied upon fuller consideration that the first opinion was right. If there be an express understanding by one to manage an estate for another for an indefinite period, a right to an account arises between them from time to time; but the statute does not operate to bar an account for any part of the time while the relation of principal and bailiff subsists between *Page 229 
them, that is, while the agency in the management of the estate is kept up. While the relation continues, there is a privity between the parties, and there is nothing to set the statute of limitations in operation. It is only when the agent abandons his agency and management, or the employer demands an account, that the relation is determined and the statute is set in motion. Now, when the statute gives the action of account to a tenant in common against his companion, as bailiff, for what he may receive more than his share of the profits, it necessarily supposes an express undertaking of the agency, since that is necessary, in fact or in legal intendment, to constitute a bailiff; and (318) there is no difference in the one case from the other as to the application of the statute of limitations. It is upon that principle I conclude that the statute does not affect these parties, since the defendant is deemed in law to have by express contract assumed to receive for the plaintiff his share of the profits to his use as long as the defendant should receive them at all; and, consequently, while he remains in possession and takes the profits, the office of bailiff continues, and there is nothing adverse between them.
PER CURIAM. Decree for the plaintiff.
Cited: Gaskill v. King, 34 N.C. 222; Blount v. Robeson, 56 N.C. 79;Weisman v. Smith 59 N.C. 131; Gatlin v. Walton, 60 N.C. 360; Hauser v.Sain, 74 N.C. 557; Jolly v. Bryan, 86 N.C. 460; Patterson v. Lilly,90 N.C. 88.